■ JAMES McCUE, Respondent, v COUNTY OF WESTCHESTER et al., Appellants. [868 NYS2d 902]—

The plaintiff claims that the defendants violated Labor Law § 201-d (2) (a) by terminating his employment for attending a political candidate's press conference. Pursuant to Labor Law § 201-d (2) (a), it is unlawful for any employer to discharge an individual from employment because of that individual's "political activities outside of working hours."

The defendants made a prima facie showing of their entitlement to judgment as a matter of law by submitting evidentiary proof that the political activity which allegedly resulted in the plaintiff's discharge took place during "working hours" and, thus, was not a protected political activity within the scope of Labor Law § 201-d (2) (a) (see Labor Law § 201-d [1] [c]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether he engaged in the subject political activity outside of working hours (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Accordingly, the defendants' motion for summary judgment dismissing the complaint should have been granted. Rivera, J.P., Lifson, Eng and Chambers, JJ., concur.